WELCH, J.,
dissenting.
hi respectfully dissent. I believe that Kemp qualifies as an insured under an endorsement to the Liberty Mutual policy which expands the list of insured persons to include those who use any covered auto “by or for” the named insured. This endorsement is entitled “Hired Autos Specified as Covered Autos You Own,” and modifies the motor carrier coverage form. It modifies the schedule’s description of “auto” to include “any auto you lease, rent, or hire.” It also states that any auto described in the schedule will be considered a covered auto the insured owns and not a covered auto the insured hires. It further provides:
B. CHANGES IN LIABILITY COVERAGE:
The following is added to WHO IS AN INSURED:
While any covered “auto” described in the Schedule is rented or leased to you and is being used by or for you, its owner or anyone |2else from whom you rent or lease it is an “insured” but only for that covered “auto.”
For Kemp to be insured under this provision, the tractor he was driving at the time of the accident must be a “covered auto” that was leased to D & M. It is undisputed that the tractor was under lease to D & M at the time of the accident. Further, the schedule of covered autos contains two symbols designating the covered autos — 72 and 73. Symbol 72 includes “owned autos used in operations other than those trucking operations that are subject to operating authority granted to the Insured by regulatory authority.” Symbol 73 describes “any auto except those described by Symbol 72.” Liability coverage extends to all autos designated by symbols 72 and 73. Reading all of the provisions together, I would find that a covered auto includes all autos owned by the named insured and all autos hired or leased by the named insured, which includes the tractor leased by D & M from Kemp.
Next, in order for Kemp to be an insured under the policy, the covered auto must have been used by him “by or for D & M.” Pursuant to the term of the lease agreement which incorporated DOT regulations, D & M had the exclusive possession, control, and use of the leased motor vehicle for the duration of the lease agreement. I would find that the leased vehicle was being used by Kemp “for” D & M whenever that use furthered D & M’s business interests and was not a purely personal use of the covered vehicle by Kemp. As D & M’s business is transportation, I would find that any use of the leased equipment that falls within the scope of D & M’s trucking business to constitute a use by Kemp “for” D & M.
In this case, the evidence showed that Kemp used his covered auto to bring his *90 trailer to Baker Metal Works to have boards replaced on the bed of his trailer and for the installation of a metal box that would make it easier for him to access the wires and air lines that went to the trailer’s brakes and running lights. Kemp | .^explained that he had wanted to make the modification for some time and the situation presented itself when he had to replace the decking on the trailer. He further stated that the improvement to the trailer was done to make it easier for him to maintain the trailer because he would only have to flip the lid of the box to get to the air lines and wiring harness, whereas previously, he had to pull all of the lines and wires out of the front of the trailer, leaving him little room to work on these items if he had to. I find that the installation of boards on the deck of the trailer that holds cargo being shipped for D & M, along with the installation of an accessory to the trailer that made it easier to maintain and repair the trailer’s brakes and lights is clearly trucking-related, and as such, furthered the commercial interest of D & M in keeping the leased vehicle and equipment in safe and proper running condition. The mere fact that the work done to the trailer may have made operating, repairing, and maintaining the leased vehicle more convenient to Kemp does not mean that the work did not serve D & M’s business interests. The possibility that a vehicle owner’s interest may coincide with those of the lessee does not diminish the benefits the lessee received from the owner’s actions. See National Continental Insurance Company v. Empire Fire & Marine Insurance Company, 157 F.3d 610, 613 (8th Cir.1998).
Moreover, even under the test employed by the majority in determining whether Kemp’s activity constituted a “business use” of the vehicle, I would find Kemp to be an insured under the policy. In replacing the decking on the trailer and the installation of an accessory to house the brake’s wires, Kemp was executing his contractual duty to maintain the leased equipment, and therefore, his trip to and from Baker Metal Works in his covered auto to have the work performed on the trailer constituted the business of D & M.
Pursuant to the lease agreement, Kemp was obligated to maintain the | equipment in proper operating condition. Kemp was further obligated to furnish all maintenance, repairs, and other items necessary for the safe and efficient operation of the equipment and lease agreement vests the choice of locations and persons to perform any necessary repairs solely in Kemp. The lease further stipulates that in the event the equipment leased includes a trailer, Kemp was responsible for the periodic safety inspection of the trailer and accessorial equipment furnished by him.[1] I do not believe it could fairly be said that the replacement of decking boards, which holds the transported cargo, and the installation of an accessory making it easier to perform maintenance on the leased equipment do not constitute vehicle maintenance. Because I believe that Kemp was executing his contractual duty to maintain the leased equipment, I would find that he was carrying out the business of D & M when he drove the trailer to *91 and from Baker Metal Works for the replacement of decking boards and the installation of a box to house the trailer’s electrical wires and lines.[2] Accordingly, I conclude that the Liberty Mutual trucking policy provides coverage for the accident sued upon.
For the above reasons, I would reverse the judgment of the trial court and deny Liberty Mutual’s motion for summary judgment. I would further find that the exclusion in Great American’s non-trucking bobtail policy, denying coverage when the vehicle is used for the benefit or to further the commercial interest of D & M, is applicable in this case, and I would grant Great American’s motion for |fisummary judgment and dismiss it from this litigation.

. While National Liberty insists that the trailer was not part of the leased equipment, the undisputed facts of this case indicate otherwise. While none of the three trailers owned by Kemp are listed on the equipment schedule, the evidence on the motion for summary judgment demonstrated that Kemp’s trailers, in addition to the tractor that pulled them, were leased to D & M by Kemp. Therefore, I disagree with National Liberty’s attempt to bring the trailer outside the scope of the lease agreement and would find that any provision in the lease relating to the maintenance of the trailer applicable in this case.

. The mere feet that Kemp did not request reimbursement for the work performed at Baker Metal Works is of no moment as Kemp testified that he was responsible for all maintenance on his vehicle and was never reimbursed by D & M for maintenance work.